IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 11:52 am, Mar 13, 2019*

MARVIN DAMIAN COOTE,

        Petitioner,

        v.

UNITED STATES OF AMERICA,

        Respondent.

CIVIL ACTION NO.: 5:18-cv-96

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Petitioner Marvin Coote's ("Coote") Petition for Writ of Mandamus, filed under 28 U.S.C. §§ 1361 and 1651. Doc. 1. For the reasons which follow, I **RECOMMEND** the Court **DENY** Coote's Petition.[1]

## BACKGROUND

Coote is currently incarcerated at D. Ray James Correctional Facility in Folkston, Georgia. He was convicted in the District Court for the Southern District of Florida after he pled

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the petitioner with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed). This Report and Recommendation constitutes fair notice to Coote that his suit is due to be dismissed. As indicated below, Coote will have the opportunity to present his objections to this finding, and the presiding district judge will review *de novo* properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

guilty to one count of conspiracy to commit mail fraud and wire fraud, in violation of 18 U.S.C. §§ 1349, 1341, 1343, and 2326(2), and was sentenced to 41 months' imprisonment.  J., United States v. Coote, 2:17-cr-14041 (S.D. Fla. Dec. 1, 2017), ECF No. 49.

In his Petition, Coote requests a writ of mandamus for his removal to a Bureau of Prisons' ("BOP") facility, as he should not be housed at an immigration detention camp.  Doc. 1 at 1.  Coote contends he has derivative citizenship in the United States through his father, who was a naturalized American citizen.  Id.  Coote previously filed another petition for writ of mandamus in his District of conviction in the Southern District of Florida, and that court construed his petition as being made under 28 U.S.C. § 2241.  R. & R. and Order, Coote v. United States, (S.D. Fla. Dec. 4, 2018 & Jan. 8, 2019), ECF Nos. 3, 6.  While that court could have transferred Coote's original petition to this Court, it declined to do so, finding Coote has no constitutional right to be transferred to a penal institution of his choosing.  Id. at ECF No. 3, p. 2.

**DISCUSSION**

**I.     Coote is not Entitled to Mandamus Relief**

As noted above, Coote brings this action as a petition for a writ of mandamus under § 1361.  Pursuant to § 1361, federal courts have "original jurisdiction" in mandamus actions to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [petitioner]."  28 U.S.C. § 1361.  While mandamus is an "extraordinary remedy" to be "utilized only in the clearest and most compelling" cases, issuance of the writ is a "matter of judicial discretion" guided by equitable principles.  Cash v. Barnhart, 327 F.3d 1252, 1257 (11th Cir. 2003) (citations omitted).  Courts properly have discretion to issue a writ of mandamus when such relief is appropriate.  Id. at 1258.

"Mandamus relief is only appropriate when: (1) the [petitioner] has a clear right to the relief requested; (2) the [respondent] has a clear duty to act; and (3) no other adequate remedy [is] available." Nyaga v. Ashcroft, 323 F.3d 906, 911 (11th Cir. 2003). Stated differently, a writ of mandamus provides a remedy only where a petitioner "has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). Important for frivolity review purposes, however, allegations in a petition for mandamus are taken as true, unless patently frivolous, so as "to avoid tackling the merits under the ruse of assessing jurisdiction." Jones v. Alexander, 609 F.2d 778, 781 (5th Cir. 1980).

Here, Coote fails to show he has a clear right to the relief requested. To the extent he asserts he should be transferred to a BOP facility, he has no right to be transferred to a penal facility of his own choosing. Meachum v. Fano, 427 U.S. 215, 225 (1976). What is more, Respondent does not have a clear duty to act, because "[i]t is well settled that the decision where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 39 (2002) (citing Meachum, 427 U.S. at 225); see also 18 U.S.C. § 3621 ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment . . . ."). Thus, the Court should **DENY** Coote's Petition under § 1361.

## II.     Coote is not Entitled to Relief Under § 1651

Coote also seeks to establish jurisdiction under § 1651, which is known as the "All Writs Act." The All Writs Act permits courts to "issue all writs necessary or appropriate in aid of their . . . jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). A petition seeking relief under the All Writs Act is a collateral proceeding and is not predicated on a specific cause of action. Klay v. United HealthGroup, Inc., 376 F.3d 1092, 1100 (11th Cir. 2004). Rather, the movant "must simply point to some ongoing proceeding, or some past order

or judgment [of the court], the integrity of which is being threatened by someone else's action or behavior." Id. However, "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." Pa. Bureau of Corr. v. United States Marshals Serv., 474 U.S. 34, 43 (1985).

To the extent Coote seeks to have his entitlement to derivative citizenship decided, this is not the proper forum for that decision. Instead, Coote must apply for derivative citizenship with the Department of Homeland Security ("DHS"). "Where an official's authority to act depends upon the status of the person affected, in this case eligibility for citizenship, that status, when in dispute, may be determined by a declaratory judgment proceeding after the exhaustion of administrative remedies." Roberts v. INS, 372 F. App'x 921, 925 (11th Cir. 2010) (citing McGrath v. Kristensen, 340 U.S. 162, 169 (1950)).

The Court is mindful that inmates can bring derivative citizenship claims under certain conditions. See Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003). In the first instance, an inmate begins by filing an application for certificate of citizenship with DHS. 8 C.F.R. § 341.1. If this application is denied, the inmate may file an appeal with the Administrative Appeals Unit ("AAU"). 8 C.F.R. §§ 322.5(b), 103.3(a). If the AAU denies the appeal, then the applicant may be able to file an action in district court seeking declaratory judgment on his derivative citizenship claim. 8 U.S.C. § 1503(a); Beltran v. Johns, No. 5:16-CV-6, 2016 WL 6661184, at *5 (S.D. Ga. Oct. 12, 2016), *report and recommendation adopted*, 2016 WL 6666843 (S.D. Ga. Nov. 10, 2016) (quoting Ortega v. Holder, 592 F.3d 738, 744 (7th Cir. 2010) noting that an individual can establish nationality pursuant to § 1503 once an administrative application for a

certificate of citizenship has been denied); and then quoting Nelson v. United States, 107 F. App'x 469, 470–71 (6th Cir. 2004) (stating that § 1503(a) requires a final administrative denial before a declaratory judgment action may be instituted))). In those instances in which "an application for a certificate of citizenship has been denied and the time for appeal has expired, [the United States Customs and Immigration Service] will reject a subsequent application submitted by the same individual and the applicant will be instructed to submit a motion to reopen or reconsider[.]" 8 C.F.R. § 341.5(e).

The second instance in which judicial review of a derivative citizenship claim is appropriate occurs "[w]here an individual is subject to removal proceedings, and a claim of derivative citizenship has been denied" as part of such proceedings. Beltran, 2016 WL 6661184, at *5 (citing Henriquez v. Ashcroft, 269 F. Supp. 2d 106, 108 (E.D.N.Y. 2003)). In this circumstance, review is properly sought "before the appropriate court of appeals, not a district court." Id. (citing 8 U.S.C. § 1252(b)(5)). Moreover, regardless of whether a claim of derivative citizenship is made following an application for a certificate of citizenship or in conjunction with removal proceedings, all available administrative remedies must be exhausted before a federal court has subject matter jurisdiction to review the claim. 8 U.S.C. §§ 1503(a) & 1252(b)–(d); Sundar v. INS, 328 F.3d 1320, 1323–24 (11th Cir. 2003) (noting that the exhaustion requirement is jurisdictional and applies equally to habeas corpus proceedings).

Coote is not seeking judicial review of the denial of an exhausted application for citizenship, nor is he seeking review of a derivative citizenship claim raised in a removal proceeding. Thus, Coote cannot bring his claims pursuant to § 1651, as this Court is without

jurisdiction to entertain his petition.[2] The Court should **DENY** Coote's Petition for this reason, as well.

### III.   Leave to Appeal *in Forma Pauperis*

The Court should also deny Coote leave to appeal *in forma pauperis*. Though Coote has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of Coote's Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

---

[2] The undersigned notes Coote did not bring his cause of action as a motion for declaratory judgment pursuant to 28 U.S.C. § 2201.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** the Court **DENY** Coote's Petition for Writ of Mandamus, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Coote leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **14 days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Coote.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 13th day of March, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA